Anna Y. Park, CA SBN 164242
Nakkisa Akhavan, CA SBN 286260
Connie K. Liem, TX SBN 791113
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA  90012
Telephone:  (213) 785-3080
Facsimile:  (213) 894-1301
Email: anna.park@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ARMED FORCES SERVICES CORPORATION dba MAGELLAN FEDERAL,<br><br><br>　　　　　Defendant. | Case No.: '22CV0999 BAS BGS<br><br>**COMPLAINT**<br><br>- **CIVIL RIGHTS**<br>- **EMPLOYMENT DISCRIMINATION**<br><br>(42 U.S.C. §§ 2000e, et seq.)<br><br><br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action brought by Plaintiff United States Equal Employment Opportunity Commission ("EEOC" or the "Commission") under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991

(hereinafter "Title VII") to correct unlawful employment practices and to provide appropriate relief to the Charging Party. The Commission alleges that Armed Forces Services Corporation ("Defendant") unlawfully discriminated against Charging Party on the basis of sex (female) and retaliation in violation of Sections 703(a) and 704(a) of Title VII.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

2.     This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of California.

## PARTIES

4.     The Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by §§ 706(f)(1) and (3), Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

5.     At all relevant times, Defendant has continuously been a corporation doing business within California and the jurisdiction of the United States District Court for the Southern District of California.

6.     At all relevant times, Defendant has continuously employed fifteen (15) or more persons.

7.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e-(1) (b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

8.      All conditions precedent have been fulfilled by more than thirty (30) days prior to the institution of this lawsuit.

9.      Prior to filing suit, the Commission issued Defendant a Letter of Determination on the charge of discrimination, finding reasonable cause to believe that Title VII was violated and invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

10.     The Commission engaged in communications with Defendant and provided Defendant the opportunity to remedy the discriminatory practices as described in the Letter of Determination.

11.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

## STATEMENT OF CLAIMS

12.     On or about June 2017, Charging Party began her employment with Defendant.

13.     From June 2017 through early July 2018, Defendant allowed Charging Party to be subjected to sexual harassment based on sex (female) in violation of Section 703 (a)(1) of Title VII, 42 U.S.C. § 42 U.S.C. 2000e-2(a)(1).

14.     After complaining about the sexual harassment, Charging Party was subjected to retaliation.

15.     The effect of the practices complained of, as described above, has been to deprive Charging Party of equal employment opportunities and otherwise adversely affect her status as an employee because of sex, female.

16.     The unlawful employment practices complained of, as described above, caused Charging Party to suffer emotional distress.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice in violation of Title VII, as amended.

B. Order Defendant to institute and carry out policies, practices, and programs to ensure that they would not engage in further unlawful employment practices in violation of Title VII, as amended.

C. Order Defendant to make whole Charging Party by providing her compensation for past and future pecuniary losses, in amounts to be determined at trial including, but not limited to, out-of-pocket expenses suffered by her which resulted from the unlawful employment practices described above in amounts to be determined at trial.

D. Order Defendant to make whole Charging Party by providing her compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, in amounts to be determined at trial. The non-pecuniary losses include, but are not limited to, emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life.

E. Order Defendant to pay Charging Party punitive damages for malicious and/or reckless conduct as described above, in amounts to be determined at trial.

F. Award the Commission its costs of this action.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

///
///
///
///
///

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated:  July 5, 2022                      Respectfully Submitted,

GWENDOLYN YOUNG REAMS,
Acting General Counsel

CHRISTOPHER LAGE,
Deputy General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 "M" Street, N.E.
Washington, D.C. 20507

By:  _____
ANNA Y. PARK,
Regional Attorney
Los Angeles District Office
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION