

1
2
3
4
5
6
7
8
9
10
11
12
13
14

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

15 | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No.:  22-cv-999-BAS-BGS
16 |                                 Plaintiff, | **CONSENT DECREE AND ORDER GRANTING JOINT MOTION TO APPROVE CONSENT DECREE (ECF No. 5)**
17 | v. |
18 | ARMED FORCES SERVICES CORPORATION dba MAGELLAN FEDERAL, |
19 | |
20 | |
21 |                                 Defendant. |
22

23                            **CONSENT DECREE**

24 **I.      INTRODUCTION**

25        Plaintiff United States Equal Employment Opportunity Commission

26 ("EEOC" or  "Commission"), Armed Forces Services, Corporation dba Magellan

27 Federal ("Defendant" or "Company") hereby stipulate and agree to the entry of this

28 Consent Decree ("Decree") to resolve Plaintiff's complaint against Defendant in

*U.S. Equal Employment Opportunity Commission v. Armed Forces Services, Corporation dba Magellan Federal,* Case No. 22-cv-999-BAS-BGS. Defendant is currently a wholly owned subsidiary of Magellan Healthcare, Inc., which is a wholly owned subsidiary of Magellan Health, Inc. On July 8, 2022, the EEOC filed this action in the United States District Court for the Southern District of California for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). The action alleges that Defendant violated Title VII by unlawfully subjecting Charging Party to hostile work environment based on sex (female) and retaliation.

By entering into this Decree, Defendant does not admit to any wrongdoing and denies any liability.

## II.      PURPOSE AND SCOPE OF THE DECREE

A.      The Parties agree that the action against Defendant should be fully and completely resolved by entry of the Consent Decree. This Decree shall be binding and enforceable against Defendant and its officers, directors, agents, successors, and assigns. Unless otherwise noted, the scope of this decree is Company-wide for Defendant.

B.      The Parties enter into this Decree for the following purposes:

1.      To provide appropriate monetary and injunctive relief;

2.      To ensure that Defendant's employment practices comply with federal law;

3.      To ensure a work environment free from discrimination, harassment, and retaliation;

4.      To ensure that Defendant establishes and maintains policies, procedures, and practices to prevent and correct discrimination, harassment, and retaliation;

22-cv-999

5.　　To ensure that Defendant provides an appropriate and effective mechanism for handling complaints of harassment and retaliation;

6.　　To ensure training for Defendant's employees, managers, supervisors, human resources personnel as well as their officers with respect to the pertinent laws regarding harassment, discrimination, and retaliation; and

7.　　To ensure compliance with Title VII by implementing effective record-keeping, reporting, and monitoring procedures.

## III.　RELEASE OF CLAIMS

A.　　This Decree fully and completely resolves all issues, claims, and allegations raised by the EEOC against Defendant in this action.

B.　　Nothing is this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree.

C.　　Nothing in this Decree shall be construed to limit or reduce Defendant's obligation to comply fully with Title VII or any other federal employment statute.

D.　　This Decree in no way affects the EEOC's right to bring, process, investigate, or litigate other charges that may be in existence or may later arise against Defendant in accordance with standard EEOC procedures. This Decree shall in no way hinder or affect an individual's right to file a charge with the EEOC or applicable state agency, participate in a federal or state investigation, or the EEOC's investigation and determinations into such charges.

## IV.　JURISDICTION

A.　　This Court has jurisdiction over the Parties and the subject matter of this action. This action asserts claims that, if proven, would authorize the Court to grant the relief set forth in this Decree.

B.　　The terms and provisions of this Decree are fair, reasonable, and just.

C.      This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.

D.      The Court shall retain jurisdiction of this action for the duration of the Decree for the purposes of entering any order, judgment, or decree that may be necessary to implement the relief provided herein.

## V.      EFFECTIVE DATE AND DURATION OF DECREE

A.      The provisions and agreements contained herein are effective immediately upon the date in which this Decree is entered by the Court ("the Effective Date").

B.      Except as otherwise provided herein, this Decree shall remain in effect for two (2) years after the Effective Date.

## VI.     MODIFICATION AND SEVERABILITY

A.      This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B.      If one or more of the provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

## VII.    COMPLIANCE AND RESOLUTION

A.      The Parties agree that if the EEOC has reason to believe that Defendant has failed to comply with any provision of this Decree, the EEOC may bring an action before this Court to enforce the Decree. Prior to initiating such action, the EEOC will notify Defendant and its legal counsel of record, in writing, of the nature of the dispute. This notice shall specify the provisions that the EEOC believes the Defendant has breached. Defendant shall have twenty (20) days to

- 4 -

attempt to resolve or cure the breach. However, the Parties may agree to extend this period upon mutual consent.

B.     After thirty (30) days, inclusive of the twenty (20) days to resolve or cure the breach referenced in Section VII.A, have passed with no resolution or agreement to extend time further, the EEOC may petition this Court for resolution of the dispute. The EEOC may seek all available relief, including an extension of the term of the Decree, an award of costs and any attorneys' fees incurred by the EEOC in securing compliance with the Decree, and/or any other relief that the Court may deem appropriate.

C.     In the event of Defendant's failure to pay Charging Party, the EEOC may petition the Court for resolution of the dispute without adhering to provisions in Section VII.B. The EEOC shall provide Defendant with ten (10) business days to resolve the non-compliance before seeking Court action.

**VIII.  MONETARY RELIEF**

A.     Within thirty (30) days of the Effective Date of this Decree, Defendant shall pay a total of $60,000.00 ("Total Settlement Amount") in monetary relief to the Charging Party to settle this Action. All of the monies shall be designated as non-wage compensation for compensatory damages and no tax withholdings shall be made. Defendant shall prepare and distribute IRS Form 1099 or equivalent tax reporting forms to the Charging Party. Defendant shall make all appropriate reports to the Internal Revenue Service and other tax authorities. Defendant shall be solely responsible for any costs associated with the issuance and distribution of a 1099 tax reporting form to Charging Party.

B.     Within three (3) business days of mailing the aforementioned payment, Defendant shall submit a copy of the check and any related correspondence regarding the mailing of the check to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California 90012 or via electronic mail at anna.park@eeoc.gov.

## IX.    GENERAL INJUNCTIVE RELIEF

### A.    Anti-Discrimination

Defendant, its officers, agents, management (including all supervisory and lead employees), human resources personnel, successors, assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from: 1) engaging in unwanted verbal or physical conduct of a sexual nature towards any person(s); 2) engaging or being party to any action, policy, or practice that discriminates and/or creates a hostile or abusive work environment on the basis of sex; and 3) creating, facilitating, or permitting the existence of a work environment that is hostile to employees on the basis of sex.

### B.    Anti-Retaliation

Defendant, its officers, agents, management (including all supervisory and lead employees), human resources personnel, successors, assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from engaging in, implementing, or permitting any action, policy, or practice that adversely affects and/or creates a hostile or abusive work environment towards any current or former employee because he/she has in the past, or during the term of this Decree:

1. opposed any practice made unlawful under Title VII;
2. filed a charge of discrimination alleging such practice;
3. testified or participated in any manner in any internal or external investigation or proceeding in connection with this action or relating to any claim of a Title VII violation;
4. was identified as a possible witness or claimant in this action;
5. asserted any rights under this Decree;
6. sought and/or received any relief in accordance with this Decree; or
7. was associated with an employee who has engaged in activities set forth in this Decree.

22-cv-999

## X.  SPECIFIC INJUNCTIVE RELIEF

A.  In the event Defendant receives a request for an employment reference or an inquiry via the Work Number for Charging Party, the job reference shall be limited to verifying whether Charging Party was employed by Defendant, Charging Party's last position held, and the duration of her the employment with Defendant.

B.  <u>Policies and Procedures</u>

Within ninety (90) days of the Effective Date, Defendant shall, to the extent necessary for complying with this Decree, review, revise, and implement its Company-wide policies and procedures regarding employment discrimination prohibited by Title VII (the "Policy"). The Policy shall include:

1.  A clear explanation of prohibited conduct under the Policy, including examples of unlawful discrimination, harassment, and/or a hostile work environment on the basis of sex and retaliation;

2.  A complete copy of the internal complaint procedure described below in Section X.C;

3.  Assurance that Defendant will take prompt corrective action when discrimination, harassment, and/or retaliation has been substantiated;

4.  Assurance that Defendant shall hold all employees, including supervisors and managers, accountable for engaging in conduct prohibited under this Decree;

5.  A statement regarding Defendant's commitment to hold managerial employees accountable for failing to take adequate remedial action to address unlawful discrimination, harassment, or retaliation; and

6.  A statement regarding Defendant's commitment to a workplace free of sexual harassment and retaliation.

22-cv-999

C.    Complaint Procedure

The internal complaint procedure in the revised Policy shall clearly state:

1.    An employee who believes that he or she has been subjected to discrimination, harassment, or retaliation may file an internal complaint using Defendant's internal complaint procedure, including but not limited to Defendant's Virtual Employee Resource Network (VERN), an internal web-based Human Resources service system, and/or may file an external complaint to any appropriate person or agency, or both;

2.    An employee may initiate an internal complaint verbally or in writing to any appropriate person, and no special form is required;

3.    Defendant shall not tolerate retaliation against any employee for using any internal or external complaint procedure or for participating in an investigation into any complaint;

4.    The internal complaint procedure does not replace the right of any employee to file a charge or complaint of discrimination, harassment or retaliation under any available municipal, state, or federal law; and

5.    If an allegation of discrimination or retaliation against any employee is substantiated, then such conduct will result in appropriate discipline, up to and including discharge.

6.    The internal complaint procedure shall clearly state Defendant's responsibilities, including:

    a.    maintaining confidentiality of the complaint, complainant, and investigation to the fullest extent possible;

    b.    taking every reasonable step to promptly resolve the complaint;

c.   promptly commencing a thorough and impartial investigation by a person qualified and/or trained to conduct such investigations;

d.   interviewing all witnesses identified by the complainant that are reasonably necessary to effectuate a thorough and impartial investigation of the complaint;

e.   gathering and reviewing all documentary evidence obtained during the investigation;

f.   providing the complainant a reasonable opportunity to rebut in writing any adverse tentative findings, except in those circumstances in which it is necessary to take immediate action;

g.   communicating in writing with the complainant within a reasonable period of time regarding the status of the complaint, investigation, results of the investigation and any remedial action taken, consistent with the privacy interests of other employees; and

h.   tracking and maintaining written records of investigations, findings, conclusions, and any remedial actions taken.

7.   For each complainant, Defendant shall confidentially follow-up within a reasonable time period after final resolution to ensure that further remedial action is not necessary, and the harassment and/or retaliation has been fully remedied. If necessary, Defendant shall investigate any allegations of further harassment and and/or retaliation.

8.   The internal complaint procedure shall NOT require the complainant to:

- 9 -

        a.     confront his or her harasser;

        b.     file an internal complaint instead of an external complaint; or

        c.     initiate the complaint process only by submitting a written complaint.

9.     The complaint procedure shall include instructions for employees to submit complaints through Defendant's VERN platform, and a provision confirming Defendant's open-door policy where managers and/or supervisors will be easily accessible to employees who wish to complain. Defendant shall track all complaints submitted under this complaint procedure and retain records relating to any investigation, resolution, and/or remedial action, if any.

D.    <u>Distribution of Revised Policy and Complaint Procedure</u>

Within one-hundred and twenty (120) days of the Effective Date, Defendant shall notify and/or post the revised Policy on its intranet to all employees and newly hired employees. The revised Policy shall be in one or more language(s) understood by all current and/or newly hired employees.

E.    <u>Centralized Tracking of Complaints</u>

1.     Within one-hundred and twenty (120) days of the Effective Date, Defendant shall create and maintain a centralized tracking system for harassment and retaliation complaints from California-based employees submitted during the duration of this Decree. This includes complaints submitted through Defendant's web-based internal complaint procedure (VERN) and/or internal complaint procedure in Section X.C. These records shall include a complaint log with the following information:

a. the names and job title of the individuals alleging discrimination;

b. the date(s) and nature of the complaint;

c. a description of the alleged discriminatory events and the dates the events took place;

d. the names and job title of the alleged perpetrators of discrimination, including whether the alleged perpetrator has been the subject of any previous complaints of harassment or discrimination  (a repeat offender);

e. if the alleged perpetrator(s) has been the subject of any prior complaints, provide the outcome of any prior investigation(s) or status of any ongoing investigation;

f. the names and job title(s) of the supervisor, manager, or human resources personnel who conducted the investigation and/or made a determination regarding the complaint;

g. a description of the supervisor's, manager's, or human resources personnel's actions during the course of investigation into the complaint;

h. a summary of the investigation and subsequent determination and findings regarding the complaint; and

i. a summary describing any remedial action taken, results of any remedial action, and dates of those actions, if any, in response to the complaint.

2. Within ten (10) business days of the EEOC's written request, Defendant shall make all records, documents, and complaint log(s) generated under this section available for the EEOC's inspection.

F.      Posting of Notice

Within ten (10) days of the Effective Date and for the entire duration of the Decree, Defendant shall post the Notice of Consent Decree (Exhibit A) on its intranet such that it is accessible to all California employees. The notice shall remain posted for the entire duration of the Decree.

G.      Harassment Prevention Training

1.      *Non-Managerial Employees*

Within one-hundred and eighty (180) days of the Effective Date and annually thereafter, Defendant shall provide interactive training of at least two (2) hours in duration to all non-management employees in California. The training may be conducted online/remotely, but shall have an interactive component and be conducted in a language the employee(s) understands. The training shall cover Defendant's Policy and complaint procedure outlined in Sections X.B and X.C, and federal anti-discrimination laws with a particular emphasis on what constitutes sexual harassment and retaliation under Title VII. The training will also include components on the prevention of "abusive conduct," harassment based on gender identity, gender expression, and sexual orientation.

For newly hired non-managerial employees who missed the annual training, Defendant shall provide them with interactive training of at least one (1) hour duration within sixty (60) days of the hire date. The training shall be in a language the employee understands and shall cover the same topics from the prior annual training as stated above.

2.      *Managers, Supervisors, and Human Resources Personnel*

Within one hundred and eighty (180) days of the Effective Date and annually thereafter, Defendant shall provide interactive training of at least two (2) hours in duration to all corporate human resources personnel, managers, and supervisors who oversee employees within California. This training shall have an interactive component and be conducted in a language the employee(s) understands.

The training shall cover Defendant's Policy and complaint procedure outlined in Sections X.B and X.C, the federal anti-discrimination laws with a particular emphasis on what constitutes sexual harassment and retaliation under Title VII, Defendant's obligations and responsibilities under Title VII, and the procedures and steps managers and supervisors should take in handling and responding to incidents of harassment and/or retaliation of which they become aware. To the extent these individuals are responsible for conducting investigations into harassment complaints, these individuals shall also be trained to:

      a.    initiate and properly conduct adequate investigations in an impartial manner;

      b.    understand and take the necessary proper steps for an investigation;

      c.    take prompt and effective remedial action; and

      d.    track complaints and the results of an investigation.

For newly hired managerial, supervisory, or human resources personnel who missed the annual scheduled training, Defendant shall provide them with training of at least two (2) hours in duration within ninety (90) days of their hire date. The training shall cover the same topics from the prior annual training for managers as stated above.

22-cv-999

3.    *Attendance of Training*

All employees, supervisors, managers, and human resources personnel who are required to attend training sessions under this Decree shall acknowledge their attendance in writing. Due to the Covid-19 pandemic, the interactive training sessions under this Decree may be conducted remotely and/or online.

The EEOC shall have the right to attend training sessions and review training materials under this Decree. In the event training sessions are being conducted online and/or remotely, the EEOC shall have access to these training sessions and review the online training materials. Within sixty (60) days prior to the occurrence of any training session, Defendant shall a) notify the EEOC in writing the date, time, facility address, and/or internet address (web link) for attending the scheduled session, and b) submit all the training materials for the EEOC's review. Defendant shall work with the EEOC to effectuate any modifications proposed by the EEOC to the training materials.

H.    Record-Keeping

Within sixty (60) days of the Effective Date, Defendant shall establish a record-keeping procedure that provides for the maintenance of all records necessary to demonstrate its compliance with this Decree, including but not limited to the documents specifically identified below, and to verify that the reports submitted are accurate.  The records to be maintained shall include:

1.    All documents relating to Defendant's compliance with the Decree;

2.    All documents, call logs, and records relating to discrimination Complaints made by employees through Defendant's internal complaint procedure and/or VERN as referenced in Section X.C.

3. All complaint logs and related documents generated in connection with the centralized tracking of discrimination complaints referenced in Section X.E.

4. All documents, records, notes, written communications, and letters generated in response to all sexual harassment complaints, subsequent investigation, findings, determination(s), monitoring, and action taken in response to the complaint.

5. All attendance records such as hand-written and electronic signature sheets verifying the occurrence of all training sessions, including the names and job titles of all attendees for each session as required under Section X.G.

I. Reporting

1. *Reports*

Within ten (10) and twenty (20) months after the Effective Date, Defendant shall submit to the EEOC a reports containing:

a. a final copy of Defendant's revised Policy and complaint procedures;

b. a summary review of the procedures and record-keeping methods for tracking employee reports and/or complaints made to Defendant since the Effective Date;

c. a complete complaint log describing all prior sexual harassment and/or retaliation complaints submitted by California-based employees to Defendant since the Effective Date, including all the related information described in Section X.E.(Centralized Tracking and Monitoring);

d. the attendance lists of all attendees for all training sessions that have occurred since the Effective Date;

- 15 -

e.  verification that Defendant's Policy and complaint procedure continues to be posted on Defendant's intranet and available to all employees and/or newly hired employees;

f.  acknowledgement that all employees and/or newly hired employees have been notified of Defendant's Policy and internal complaint procedure since the Effective Date;

g.  verification that the Notice of Consent Decree has been posted on Defendant's intranet page; and

h.  verification that all employees have been notified of VERN's availability for submitting discrimination, harassment and retaliation complaints.

2.  *Exit Report*

Defendant shall submit to the EEOC an exit report due no later than forty-five (45) days prior to the expiration of the Decree. This report shall contain:

a.  a copy of Defendant's current Policy and complaint procedure, if any revised policies or procedures were implemented since the last report;

b.  if applicable, a summary providing the reasons for any revision to Defendant's policies and procedures regarding harassment and retaliation since the last report;

c.  updates to the complaint log describing all prior sexual harassment and/or retaliation complaints submitted by California-based employees to Defendant since the last report to the EEOC, including all the related information described in Section X.E. (Centralized Tracking and Monitoring);

- 16 -

d.     verification that any employees required to be trained under the Decree since the last report to the EEOC have been trained;

e.     verification that Defendant's Policy and complaint procedure continues to be posted on Defendant's intranet and available to all employees and/or newly hired employees;

f.     verification that all employees and/or newly hired employees have been notified of Defendant's Policy and complaint procedure since the last report to the EEOC;

g.     verification that the Notice of Consent Decree continues to be posted on Defendant's intranet page; and

h.     verification that all employees continue to be notified of the availability of VERN for submitting discrimination, harassment and retaliation complaints.

## XI.   MISCELLANEOUS PROVISIONS

A.     During the term of this Decree, Defendant shall provide any potential successor-in-interest with a copy of this Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendant's locations, or any other material change in corporate structure. Defendant shall simultaneously inform the EEOC of any such agreement for acquisition, assumption of control, or other material change in corporate structure.

B.     During the term of this Decree, Defendant shall assure that each of its owners, officers, managers, supervisors, and human resources personnel are aware of any term(s) of this Decree which may be related to his/her job duties.

C.     Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered electronically to the attention of Anna

Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, E-mail address: anna.park@eeoc.gov.

  D.  This Decree may be signed in counterparts.  An original signature in Adobe pdf. shall have the same force and effect as an original signature or copy thereof.

## XII. COSTS AND ATTORNEYS' FEES

  Defendant shall bear all costs associated with the administration and implementation of their obligations under this Decree.  Each party shall bear its own costs of suit and attorneys' fees.

1         All Parties, through the undersigned, respectfully apply for and consent to the

2   entry of this Decree and Order.

3

4

5                                         Respectfully submitted,

6                                           U.S. EQUAL EMPLOYMENT

7                                           OPPORTUNITY COMMISSION

8

9   Dated: July 8, 2022           By:    <u>S/ Anna Y. Park</u>

10                                             Anna Y. Park, Regional Attorney

E-Mail: anna.park@eeoc.gov

11                                           Attorney for Plaintiff EEOC

12

13

14                                           BAKER HOSTETLER, LLP

15

16   Dated:  June 27, 2022           By: _____

17                                           Shareef Farag, Esq.

E-Mail: sfarag@bakerlaw.com

18                                           Attorney for Defendant

19                                           Armed Forces Services Corporation

20

21

22

23

24

25

26

27

28

22-cv-999

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ORDER

The Court hereby finds that compliance with all provisions of the foregoing Consent Decree is fair, adequate, and reasonable.   Accordingly, the Court **GRANTS** the parties joint motion (ECF No. 5) and enters the foregoing Consent Decree. The Court hereby retains continuing jurisdiction for the duration of the Consent Decree, and the **Clerk of Court is directed to close this case**.

**IT IS SO ORDERED.**

**DATED: July 12, 2022**

Hon. Cynthia Bashant
United States District Judge

- 20 -



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Los Angeles District Office**

255 E. Temple Street, 4th Floor
Los Angeles, CA  90012
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
Los Angeles Direct Dial:  (213) 785-3090
FAX (213) 894-1118
Website:  www.eeoc.gov

## NOTICE OF CONSENT DECREE

This Notice is being posted pursuant to a Consent Decree and Order entered by the Federal Court in the case of U.S. Equal Employment Opportunity Commission v. Armed Forces Services Corporation dba Magellan Federal, Civil Case No. 22-cv-999-BAS-BGS, settling a lawsuit filed by the United States Equal Employment Opportunity Commission ("EEOC").

The EEOC is a government agency that enforces federal anti-discrimination laws in the workplace.  On July 8, 2022, the EEOC filed a lawsuit in the United States District Court against Armed Forces Services Corporation ("AFSC"), alleging that AFSC subjected female employee to sexual harassment and retaliation. Thereafter, AFSC settled the case by entering into a "Consent Decree" with the EEOC and paying monetary relief. Pursuant to the settlement, AFSC agreed to review and revise its equal employment policies and practices, revise its written complaint procedure, conduct an EEO audit, provide annual anti-discrimination training for employees and managers, post a notice of settlement, and undertake record-keeping and reporting to the EEOC, among other things.

Federal anti-discrimination law prohibits harassment or discrimination against any employee or applicant for employment because of a person's age, disability, race, sex, pregnancy, color, religion or national origin.

AFSC is committed to complying with federal anti-discrimination laws in all respects, including preventing and remedying discrimination and harassment based on gender and/or pregnancy, and retaliation. AFSC will not tolerate harassment against employees on the basis of that person's sex, pregnancy, race, national origin, color, religion, disability, and age, and prohibits retaliation against any employee who complains about discrimination, files a charge of discrimination, or participates, gives testimony, or assists in any investigation regarding discrimination.

If you believe that you have been harassed or discriminated against because of your sex, pregnancy, national origin, age, race, color, religion, or disability, or retaliated against, you may seek assistance from:

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
555 W. Beech St., Suite 504
San Diego, CA. 92101
1-800-669-4000

Exhibit A